# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. R. ALEXANDER ACOSTA, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>    PLAINTIFF,<br>v.<br><br>1. ERICK C. NICKERSON, an individual, and<br><br>2. BIG E's TRANSPORTATION & PILOT SERVICE LLC, Limited Liability Company,<br><br>    DEFENDANTS. | CIVIL ACTION NO. CIV-18-1192-D<br><br><br><br>COMPLAINT |

Plaintiff, R. Alexander Acosta, the Secretary of Labor, United States Department of Labor, brings this action under Sections 16 and 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201-219 ("FLSA" or the "Act") to: enjoin Defendants Big E's Transportation & Pilot Services, LLC and Erick C. Nickerson from violating the provisions of sections 6, 7, 11, and 15 of the FLSA, 29 U.S.C. §§ 206, 207, 211 & 215; and to restrain Defendants from withholding payment of overtime compensation due to Defendants' employees, named in Exhibit A, for the period of time starting in March 2017, together with an equal additional amount as liquidated damages. In support thereof, Plaintiff states as follows:

## I.     THE PARTIES

1.     Plaintiff R. Alexander Acosta is the Secretary of Labor, United States Department of Labor, and is authorized to enforce the provisions of the FLSA, and to

1

recover back wages and seek injunctive relief on behalf of employees employed in violation of the FLSA's minimum wage, overtime, and record keeping provisions. 29 U.S.C. §§ 206, 207, 211(c), 215(a)(2), 215(a)(5), and 217.

2. Defendant Erick C. Nickerson, an individual, resides in Enid Oklahoma, within the jurisdiction of this Court, and at all times hereinafter mentioned was Big E's owner and acted directly or indirectly in the interest of Big E's in relation to its employees by setting policies and procedures, making hiring and firing determinations, controlling payroll, making payroll deductions, signing payroll checks and generally exerting operational control. Erick C. Nickerson suffers or permits employees to work and is an employer as defined in §3(d) of the FLSA, 29 U.S.C. § 203(d).

3. Defendant, Big E's is and at all times hereinafter mentioned an Oklahoma corporation with a principal place of business at 4501 Spring Ridge Road, Enid, OK 73703, within the jurisdiction of this Court, and is and at all times hereinafter mentioned, engaged in providing escort services to semi-trucks carrying oversize loads by providing pilot car drivers who operate vehicles that weigh less than 10,000 pounds, in front of and/or behind such oversize loads. Among other things, Defendant Big E's directs the work, exerts supervision and control over workers, suffers and permits workers to work, and acts directly and indirectly in the interests of the workers. Big E's is an employer as defined in §3(d) of the FLSA, 29 U.S.C. § 203(d).

## II. JURISDICTION AND VENUE

4. Jurisdiction of this action is conferred upon the Court by sections 16 and 17 of the FLSA, 29 U.S.C. §216 and 217and by 28 U.S.C. §§ 1331 and 1345.

5. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391 insofar as the individual Defendant resides in this Judicial District and the corporate Defendant has its principal office in this Judicial District.

### III.   FLSA STATUTORY COVERAGE

6. At all times hereinafter mentioned, Defendants Big E's and Erick C. Nickerson have been an enterprise within the meaning of section 3(r) of the Act, 29 U.S.C. § 203(r), in that Defendants have been, through unified operation or common control, engaged in the performance of related activities for a common business purpose.

7. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A), in that they have employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that it has an annual gross volume of sales made or business done of not less than $500,000.

### IV.   OVERTIME VIOLATIONS

8. Defendants violated the provisions of sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207, 215(a)(2), by employing certain of their employees in an enterprise engaged in commerce or in the production of goods for commerce, since at least March 2017, without compensating said employees overtime wages for their employment in excess of forty (40) hours in such workweeks. Specifically, Defendants failed to pay its pilot car drivers for hours worked in excess of 40 in a workweek, and the pilot car drivers

routinely worked over 40 hours a week. Instead, Defendants paid straight time for all hours worked.

## V.   RECORD KEEPING VIOLATIONS

9. Defendants, employers subject to the provisions of the FLSA, violated the provisions of sections 11(c) and 15(a)(5) of the FLSA in that they failed to make, keep, and preserve adequate and accurate records of employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the FLSA and found in 29 C.F.R. Part 516. Specifically, Defendants failed to maintain a record of hours worked by the pilot car drivers.

## VII.   PRAYER FOR RELIEF

10. As a result of the violations alleged in paragraphs 8-9 above, Defendants owe unpaid overtime compensation to certain of Defendants' current and former employees including but not limited to those persons specifically named in Exhibit A, and incorporated herein by reference, for the period starting March 2017.

11. Defendants have violated the FLSA's overtime, and record-keeping provisions.  An order enjoining the alleged violations and restraining the withholding of unpaid overtime compensation found to be due the employees is specifically authorized by section 17 of the FLSA, 29 U.S.C. § 217. In addition, a judgment for liquidated damages, in an amount equal to the unpaid minimum wages and overtime compensation, is specifically authorized by section 16 of the FLSA, 29 U.S.C. § 216(c).

**WHEREFORE**, cause having been shown, Plaintiff prays for judgment against Defendants as follows:

A.   For an order pursuant to section 17 of the FLSA permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants, from violating sections 6, 7, 11(c), 15(a)(2), 15(a)(4) and 15(a)(5) of the FLSA;

B.   For an order pursuant to section 16(c) of the FLSA requiring Defendants to pay Plaintiff a sum equal to the unpaid minimum wage and overtime compensation due Defendants' employees for the period starting March 2017 until such time as Defendants properly paid their employees, and for equal additional amounts as liquidated damages;

C.   In the event liquidated damages are not awarded, an order pursuant to section 17 enjoining and restraining Defendants from withholding payment of unpaid overtime compensation due Defendants' employees and pre-judgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621;

D.   A monetary award to Plaintiff for the costs of this action; and

E.   Such other and further relief as this Court deems just and appropriate.

Dated this 10th day of December, 2018.

Respectfully submitted,

Kate S. O'Scanlain, Solicitor of Labor
James E. Culp, Regional Solicitor
John Rainwater, Associate Regional Solicitor
Lydia Tzagoloff, Wage & Hour Counsel

        */s/ Gregory W. Tronson*
        Gregory Tronson, Senior Trial Attorney
        Colorado Bar No. XXXXX
        Attorneys for Plaintiff
        United States Department of Labor
        Office of the Solicitor
        1244 Speer Boulevard, Suite 515
        Denver, CO  80204
        Telephone: (303) 844-1748
        Fax: (303) 844-1758
        tronson.gregory@dol.gov