# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

R. ALEXANDER ACOSTA, )
SECRETARY OF LABOR, UNITED )
STATES DEPARTMENT OF LABOR, )
)
    Plaintiff, )
)
v. )   Case No. CIV-18-1192-D
)
ERICK C. NICKERSON and )
BIG E'S TRANSPORTATION & )
PILOT SERVICE, LLC, )
)
    Defendants. )

## DEFAULT JUDGMENT

This matter is before the Court on Plaintiff's Motion for Default Judgment [Doc. No. 6]. Plaintiff filed this action on December 10, 2018, alleging that Defendants violated provisions of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA").

The Clerk's Entry of Default was entered against Defendants on March 19, 2019 [Doc. No. 5]. Plaintiff filed his Motion for Default Judgment on May 13, 2019 [Doc. No. 6]. Defendants have made no appearance in this case[1], and the time for Defendants to respond to Plaintiff's motion has expired. *See* LCvR 7.1(g).

Based on the foregoing, the Court finds Defendants are in default. Once the default is established, the "well-pleaded factual allegations of the plaintiff's complaint are taken as true, except those allegations relating to the amount of damages." *See Mathiason v.*

---

[1] The record indicates that Defendants were served with a copy of the Complaint on January 22, 2019. [Doc. No. 3].

*Aquinas Home Health Care, Inc.,* 187 F. Supp. 3d 1269, 1274 (D. Kan. 2016). A court may enter a default judgment without a hearing "if the amount claimed is a liquidated sum or one capable of mathematical calculation." *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 148 (10th Cir. 1985). The Court, taking the factual allegations of Plaintiff's Complaint as true, finds that Plaintiff is entitled to default judgment against Defendants and orders as follows:

**IT IS ORDERED, ADJUDGED, AND DECREED** that Defendants Big E's Transportation & Pilot Service, LLC, and Erick C. Nickerson, and their officers, agents, servants, employees, and those persons in active concert or participation with them who receive actual notice of this injunction be, and hereby are, permanently enjoined and restrained from violating the provisions of §§ 206, 207, 211(c), 215(a)(2) and 215(a)(5) of the FLSA, in any of the following manners:

Defendants shall not, contrary to §§ 206 and 215(a)(2) of the FLSA, fail to pay to their employees engaged in commerce or the production of goods for commerce or in an enterprise engaged in commerce or the production of goods for commerce, within the meaning of the FLSA, wages at rates not less than $7.25, or any rate subsequently made applicable by amendment to the FLSA, for every hour worked by Defendants' employees.

Defendants shall not, contrary to §§ 207 and 215(a)(2) of the FLSA, employ any non-exempt employees in commerce or in the production of goods for commerce or in an enterprise engaged in commerce or the production of goods for commerce, within the meaning of the FLSA, for workweeks longer than 40 hours without compensating such non-exempt employees for their employment in excess of 40 hours per workweek at rates

not less than one and one-half times the regular rates at which they are employed.

Defendants shall not, contrary to §§ 211(c) and 215(a)(5) of the FLSA, fail to make, keep, and preserve adequate and accurate records of its non-exempt employees, and of the wages, hours, and other conditions and practices of employment maintained by Defendants as prescribed by the regulations issued and from time to time amended pursuant to § 211(c) of the FLSA (29 C.F.R. Part 516). Defendants shall make such records available at all reasonable times to representatives of Plaintiff.

Defendants, including Erick C. Nickerson, are jointly and severally liable for the back wages due to Defendants' employees, and are hereby enjoined from withholding and are ordered to pay the total sum of $18,903.20 in overtime compensation, for FLSA violations that occurred during the period covering March 1, 2017 through November 29, 2017. Defendants are further ordered to pay the total additional sum of $18,903.20 as liquidated damages for their violations of the FLSA.

Defendants shall pay these wages and liquidated damages by cashier's check, in the amount of $37,806.40, made payable to the U.S. Department of Labor-Wage Hour, and sent to the Wage Hour Regional Office, 525 So. Griffin St., Suite 800, Dallas, TX 75202, no later than September 30, 2019.

If the payment is more than five days late, Defendants will be in default. Any defaulted balance shall be subject to the assessment of interest and penalty interest rates and collection costs, as required by the Debt Collection Improvement Act of 1996 (Public Law 104-134).

Upon receipt of full payment, Plaintiff's counsel shall file with the Court a

certificate of payment and representatives of Plaintiff shall distribute such amounts due to each employee as reflected in **Exhibit A**, less appropriate deductions for federal income tax withholding and the employee's share of the social security (F.I.C.A.) tax to the employees, or their legal representatives, as their interests may appear. Defendants are responsible for the employer's share of F.I.C.A. arising from or related to the back wages distributed by Plaintiff.

Any back wages which cannot be distributed to the employees or to their personal representatives, because of the inability of Plaintiff to locate the proper persons or because of any person's refusal to accept payment, shall be deposited by Plaintiff in a special deposit account to be paid to the rightful employee. If such back wages are not claimed by the employee (or a personal representative of the employee) within three years, Plaintiff shall deposit them into the United States Treasury as miscellaneous receipts.

Accordingly, Plaintiff's Motion for Default Judgment [Doc. No. 6] is GRANTED. Default judgment is hereby entered in favor of R. Alexander Acosta, Secretary of Labor, United States Department of Labor, against Defendants Erick C. Nickerson and Big E's Transportation & Pilot Service, LLC in the amount of $37,806.40.[2]

**IT IS SO ORDERED** this 30th day of August 2019.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[2] This amount represents $18,903.20 in back wages and $18,903.20 in liquidated damages.

**EXHIBIT A**

| First Name | Last Name | Back Wages Due | Liquidated Damages Due |
|---|---|---|---|
| RYAN | ASHMENT | $3,468.40 | $3,468.40 |
| MICHAEL | HARRISON | $975.60 | $975.60 |
| ELIZABETH | LANE | $667.20 | $667.20 |
| SKYLAR | LONG | $1,734.40 | $1,734.40 |
| GARRETT | LUCAS | $2,668.00 | $2,668.00 |
| JANET | MOFFATT | $2,250.00 | $2,250.00 |
| EDDIE | RODRIGUEZ | $2,401.20 | $2,401.20 |
| JEFF | WALKER | $4,088.00 | $4,088.00 |
| RONALD | YOCHAM | $650.40 | $650.40 |
| **TOTAL AMOUNT DUE** | | **$18,903.20** | **$18,903.20** |